Opinion filed July 8, 2021



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00235-CR

_____

### CLARENCE LEE ANDERSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-19-0028-CR**

### M E M O R A N D U M   O P I N I O N

The jury convicted Clarence Lee Anderson of aggravated robbery with a deadly weapon. Appellant pleaded "true" to two prior felony convictions alleged for enhancement purposes. The jury assessed Appellant's punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. Specifically, Appellant contends that the

evidence was insufficient to support the jury's determination that a pipe wrench was a deadly weapon. We affirm.

*Background Facts*

L.C. Davis owned a used car dealership in Odessa. On December 4, 2018, Davis was working by himself at the dealership when Appellant approached on foot. Appellant informed Davis that he wanted to purchase a Lincoln automobile on Davis's lot. Davis and Appellant went into the office of the dealership to fill out a car title application. Davis testified that the two made small talk during the negotiations for the car and that Appellant inquired about the security cameras at the dealership. Davis told Appellant that the cameras were fake and were intended for protection.

When Davis completed the paperwork, he went from his desk to the office copy machine to make copies. At that time, Appellant followed Davis to the machine and pushed Davis to the ground forcefully with both hands. When Davis fell to the floor, he was trapped between the copy machine and some wooden pallets. Initially, Appellant threatened Davis with a glass thermometer that Davis described as having a sharp, two-inch-tall point. However, Appellant abandoned the thermometer and grabbed a pipe wrench that was nearby.

Davis testified that he was "scared of [the pipe wrench]" because it could "kill a person." Davis said that he was "hurting real bad" from the fall but that he stayed on the ground—afraid to move or resist—because Appellant threatened him, saying: "Don't raise your head or I will kill you." Appellant searched Davis's pockets and took almost $1,200 in cash and the keys to the Lincoln car. Appellant also disabled the landline telephone by tearing the telephone cord. Davis testified that he was scared of Appellant but that he attempted to "be nice" to Appellant by giving him a small gas can to fill up the Lincoln so that Appellant would leave. After Appellant

2

left with the cash and the car, Davis, who did not have a cell phone, went next door to a mechanic shop and called the police.

*Analysis*

In Appellant's sole issue, he challenges the sufficiency of the evidence to support his conviction. He contends that the evidence is insufficient because the State failed to prove beyond a reasonable doubt that the wrench "could have caused death or serious bodily injury." Specifically, Appellant asserts that "[t]here was no testimony as to the intended use of the wrench" and that more evidence was needed for a rational trier of fact to conclude that the wrench was capable of causing death or serious bodily injury.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all of the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting

inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. "Sometimes, a sufficiency-of-the-evidence issue turns upon the meaning of the statute under which the defendant is being prosecuted." *Flores v. State*, 620 S.W.3d 154, 158 (Tex. Crim. App. 2021). When the issue turns on this question, we view the evidence in the light most favorable to the verdict and ask whether the defendant's conduct actually constitutes the offense under the statute, which is a question of law that we review de novo. *Id.*

The indictment charged Appellant with aggravated robbery, alleging that, while in the course of committing theft of property and with the intent to obtain or maintain control of the property, he intentionally, knowingly, and recklessly caused bodily injury to Davis by pushing him and that Appellant used or exhibited a deadly weapon, to-wit: a wrench. As relevant to this appeal, a person commits the second-degree felony offense of robbery if, in the course of committing a theft "and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 29.02(a)(1), (b) (West 2019). If a person commits robbery and uses or exhibits a deadly weapon, then the offense is elevated to a first-degree aggravated robbery. *Id.* § 29.03(a)(2), (b).

Whether the evidence was sufficient to convict Appellant for first-degree aggravated robbery hinges on whether the jury rationally concluded that Appellant used or exhibited the wrench as a deadly weapon during the robbery. *See Flores*, 620 S.W.3d at 158 (citing PENAL § 29.03(a)(2)). The Penal Code defines "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." PENAL § 1.07(a)(17)(B) (West 2021). The critical inquiry is "whether the object 'could be a deadly weapon *under the facts of the case*'" based upon the defendant's manner of use or intended use. *Flores*, 620

4

S.W.3d at 158–59 (quoting *McCain v. State*, 22 S.W.3d 497, 502 (Tex. Crim. App. 2000)).

In *Flores*, the defendant robbed a convenience store while exhibiting "a cordless electric drill wrapped in two plastic bags." *Id.* at 156. The defendant pointed the drill as if it were a gun; however, he never attempted to strike the cashier, nor did he threaten to do so. *Id.* The Court of Criminal Appeals held that the defendant's only intended use of the drill was to make the cashier believe it was a gun. *Id.* at 160–61. The court noted that, while the State was not required to present evidence of the defendant's intent, "it was at least required to present some minimal evidence that he intended a violent use" of the object or weapon in question that would at least be "*capable of* causing death or serious bodily injury." *Id.* at 160 (citing PENAL § 1.07(a)(17)(B)).

Appellant contends that there was insufficient evidence to support the jury's determination that the wrench could have caused death or serious bodily injury. He asserts that "[t]here was no testimony as to the intended use of the wrench." We disagree. As noted previously, Davis testified that Appellant threatened him with the wrench by saying: "Don't raise your head or I will kill you." Davis further testified that he was afraid because "that pipe wrench will kill a person." Odessa Police Detective Corporal Justin Caid testified that the wrench was "fairly heavy" and "definitely capable of causing death or serious bodily injury."

Courts have found that objects used to threaten deadly force are deadly weapons within the meaning of the Penal Code. *See McCain*, 22 S.W.3d at 503 (finding a butcher knife carried during the commission of a robbery was a deadly weapon). The Penal Code's "plain language does not require that the actor actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily

injury." *Id.* The deadly weapon analysis takes into account the facts of the case and how the defendant used or intended to use the object. *Id.*

Here, the jury heard testimony from Davis and Detective Caid that the wrench was capable of causing death or serious bodily injury. The jury also heard evidence that Appellant intended a violent use of the wrench when he threatened to kill Davis with the wrench. Viewed in the light most favorable to the verdict, we find that there is sufficient evidence from which a rational trier or fact could have concluded that Appellant used or exhibited a deadly weapon when he threatened to kill Davis with the wrench. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

July 8, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

6